# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BOBBY JOHN THOMAS | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-138 |
| | § | Judge Mazzant |
| PATRICK R. DONAHOE and | § | |
| U.S. EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Patrick R. Donahoe's and U.S. Equal Employment Opportunity Commission's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, or in the alternative, for Summary Judgment (Dkt. #15). After considering the motions, responses, and relevant pleadings, the Court finds that this motion should be granted.

## BACKGROUND

Plaintiff Bobby John Thomas ("Thomas" or "Plaintiff"), a mail carrier employed by the United States Postal Office ("USPS" or "Defendant"), has filed suit against the USPS for allegations of age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") (Dkt. #1). Thomas initially filed an EEOC complaint in September 2010 that focused on allegations of age discrimination when USPS managers issued Thomas a letter of warning for failing to follow instructions (Dkt. #15, Ex. B). The EEOC administrative judge issued a summary decision finding no discrimination and dismissing the case because Thomas's letter of warning was removed from his record pursuant to the USPS grievance settlement process. Thomas then appealed the EEOC's decision to the Office of Federal Operations, which affirmed the decision and denied Thomas's requests for reconsideration.

In the current suit, Thomas asks this Court to review alleged defects in the EEOC's procedural process and to litigate new claims of USPS's retaliation and discrimination against him. Thomas does not ask this Court to rule on the facts, allegations, and claims made in the underlying EEOC case.

On January 16, 2015, Defendant filed a motion to dismiss alleging that this Court does not have subject matter jurisdiction to hear the case (Dkt. #15). On February 25, 2015, Plaintiff filed a response to Defendant's motion (Dkt. #18).

## LEGAL STANDARD

The Court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 689–90 (2006).

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that Plaintiff cannot prove a plausible set of facts in support of his claim. *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiff. *Truman v. United States,* 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1)

motion to dismiss. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power,* 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

## ANALYSIS

Defendant moves to dismiss all of Plaintiff's claims for lack of subject matter jurisdiction. Even though Plaintiff's exact claims are not clear, the Court will review Plaintiff's complaint and response liberally because he proceeds *pro se. See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Plaintiff appears to make two distinct claims. First, Plaintiff asks this Court to review alleged defects in the procedural process of the underlying EEOC ruling, including the defects with the investigative report from the National Equal Employment Investigative Services Office ("NEEOISO"), defects in the EEOC's summary decision, and defects with the Office of Federal Operation's appellate opinion. Second, Plaintiff alleges discrimination and retaliation by the USPS and the USPS's attorney against him for filing the underlying EEOC complaint. The Court notes that Plaintiff emphatically and repeatedly states that the current suit "***is not about [the] letter of warning!!!***" or any of the other facts and allegations discussed in the underlying EEOC summary decision (Dkt. #18 at 1) (emphasis in original). As such, the Court makes no findings regarding facts or claims alleged in Thomas's underlying EEOC case.

First, Plaintiff seeks review of the procedural process and sufficiency of the EEOC's ruling on his underlying complaint. Specifically, Plaintiff alleges that the NEEOISO made "egregious mistakes in [its] investigative report;" the EEOC administrative judge made

"mistakes in complying with EEOC laws and guidance in reviewing [USPS's] actions;" the Office of Federal Operation "fail[ed] to correct or even acknowledge the [EEOC administrative judge's] mistakes when advised of them during appeal;" and the Office of Federal Operations "fail[ed] to investigate" Plaintiff's claims of "continued retaliation" by the USPS managers and attorney (Dkt. #18 at 1). In regard to the NEEOISO, Plaintiff contends that the investigator improperly and intentionally disregarded Plaintiff's claims of harassment, "unjustified negative references," and "increased surveillance" from the final investigative report of Plaintiff's EEOC case (Dkt. #18 at 2). Moreover, Plaintiff argues that the defects in the investigative report influenced the EEOC administrative judge's decision to dismiss Plaintiff's claims of discrimination and retaliation. In response, Defendant argues that this Court does not have jurisdiction to hear this case. The Court agrees with Defendant and finds that it does not have jurisdiction over this claim because Plaintiff dropped the EEOC as a defendant in this case (Dkt. #19), and, even if the EEOC was still a party, the Court does not have jurisdiction to review EEOC procedural processes. *See Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002) (per curiam). Additionally, the proper remedy for alleged defects in the NEEOISO investigative report and EEOC process is not a review of the report and procedure but instead a *de novo* lawsuit against the USPS in a federal district court. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365-66 (1977). The Court again notes that Plaintiff explicitly states in his response that he does not seek a *de novo* lawsuit to litigate the "letter of warning" or any of the other findings and allegations in the underlying EEOC case, but he instead seeks to litigate the validity of the investigative report and EEOC ruling (Dkt. #18 at 1, 12). As such, the Court makes no findings as to the claims, allegations, and facts made in the Plaintiff's underlying EEOC summary decision.

Second, Plaintiff alleges new claims of retaliation by the USPS managers and attorney against him for filing the underlying EEOC complaint. Specifically, Plaintiff contends that the USPS managers "threaten[ed] to force the Plaintiff to send his monthly psychiatric medical statements" to them (Dkt. #18 at 13). Moreover, Plaintiff alleges that the USPS attorney retaliated against Plaintiff by "lying" during the EEOC hearings and by "dragging out" Plaintiff's reasonable accommodation request for relocation that Plaintiff submitted to the USPS during the pendency of the underlying EEOC case (Dkt. #18, at 10, 13). However, Plaintiff has failed to provide any evidence that this Court has jurisdiction to hear these new claims of retaliation. This Court gains jurisdiction over discrimination claims under the ADEA in two ways. One way is when the complainant administratively exhausts the allegations under the EEOC administrative-claim process. 29 C.F.R. § 1614.407; *Tolbert v. United States,* 916 F.2d 245, 249 (5th Cir. 1990). The second way happens after the complainant gives 30 days of notice to the EEOC of an intent to sue within 180 days after the complained-of employment action occurred. *Allard v. Holder*, 494 F. App'x 428, 431 (5th Cir. 2012) (citing 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201). Plaintiff has not provided any evidence that this Court has jurisdiction through either method to hear the discrimination and retaliation claims that occurred after Plaintiff filed the underlying EEOC case. Accordingly, the Court cannot hear and must dismiss these new claims for a lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, or in the alternative, for Summary Judgment (Dkt. #15) is hereby **GRANTED** and that the case is **DISMISSED** for lack of subject matter jurisdiction.

**SIGNED this 30th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE